`IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TAKEEM B. AKBAR, ) | Civil Action No. 7:12-cv-00001 | |
|     Plaintiff, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| DR. MOSES QUINONES, <u>et al.</u>, ) | By: Hon. Michael F. Urbanski | |
|     Defendants. ) | United States District Judge | |

Takeem B. Akbar, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Dr. Moses Quinones, a doctor at the Middle River Regional Jail ("Jail"); Jail Head Nurse Cathy Riley; Jail Captain Mark Shiflett; and Jail Corporal Jack Hinton. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff suffered an unspecified hand injury at an unspecified time. Capt. Shiflett informed plaintiff in September 2011 that Cpl. Hinton terminated plaintiff's employment as a Jail trusty because of his hand injury. Capt. Shiflett also said that plaintiff could not work until Dr. Quinones medically approved him to work.

On October 27, 2011, plaintiff met with Dr. Quinones and Nurse Riley about his injured hand. Plaintiff insinuates that he received medical clearance from Dr. Quinones to return to work at that time. Nonetheless, Cpl. Hinton did not reauthorize plaintiff's trusty employment, and plaintiff filed a grievance in November 2011. Capt. Shiflett answered the grievance and

informed plaintiff that Dr. Quinones told Cpl. Hinton that plaintiff could not yet perform any work.

Plaintiff claims that, as of December 9, 2011, he has not received "adequate treatment" for his injured hand and cannot work as a trusty. Plaintiff complains that he received conflicting responses to his grievances and believes that these different responses evince a "conspiracy" to discriminate against him. Plaintiff requests unspecified compensatory, punitive, and injunctive relief.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions. . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1950 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for unconstitutional medical assistance.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  To show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk.  Farmer v. Brennan, 511 U.S. 825, 838 (1994).  A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a substantial risk of serious harm, such as loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain.  Sosebee v. Murphy, 797 F.2d 179, 181-83 (4th Cir. 1986).

To state a claim of a conspiracy to deprive civil rights, plaintiff must establish the following elements: "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995). Plaintiff must show defendants' agreement or a "meeting of the minds" to violate plaintiff's civil rights, and conclusory allegations of a conspiracy are insufficient to state a claim. Id. at 1377.

Plaintiff's reliance on labels and conclusions of "inadequate treatment" and "a conspiracy" fail to state a plausible claim of relief. Plaintiff acknowledges that he met with Dr. Quinones on at least one occasion to discuss his injured hand, but he fails to describe how Dr. Quinones exhibited deliberate indifference or how the injured hand is a serious medical need. Nothing in the grievance responses supports the conclusion that defendants either conspired or violated plaintiff's constitutional rights. The responses merely tell plaintiff that he has to pay for copies of his medical record, must be evaluated by Dr. Quinones before returning to work, and was terminated from work by his employer. Plaintiff's dissatisfaction with Dr. Quinones' diagnosis and staff's responses to his grievances do not implicate a constitutional right. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (stating a prisoner's disagreement with medical personnel over the course of his treatment does not state a § 1983 claim); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (stating an inmate does not have a constitutional right to access grievance procedures). Accordingly, plaintiff presently fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and denies as moot plaintiff's motions to appoint counsel and for leave to proceed in forma pauperis.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered: February 8, 2012

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge